**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES ANDERSON, )<br>                                )<br>            Plaintiff, )<br>                                )<br>vs.                             )<br>                                )<br>CHASE HOME FINANCE, LLC, et al., )<br>                                )<br>            Defendants. )<br>_____ ) | Case No. 2:12-cv-00691-GMN-PAL<br><br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION** |

This matter is before the court on Plaintiff Charles Anderson's failure to comply with this court's Order (Dkt. #8) and Order to Show Cause (Dkt. #10).

On May 17, 2012, the court entered an Order (Dkt. #5) requiring Plaintiff to file a Certificate of Interested Parties in compliance with Local Rule 7.1-1 on or before May 31, 2012. The order warned Plaintiff that his failure to comply "may result in the issuance of an order to show cause why sanctions should not be imposed." *Id.* Plaintiff failed to file his Certificate of Interested Parties and did not request an extension of time in which to comply with the court's Order (Dkt. #8).

On June 8, 2012, the court entered an Order to Show Cause (Dkt. #10) based on Plaintiff's failure to comply with the court's previous Order (Dkt. #8). The court directed Plaintiff to show cause in writing no later than June 20, 2012, why he had not complied with the court's Order (Dkt. #8). The Order to Show Cause (Dkt. #10) advised Plaintiff that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions, up to and including case-dispositive sanctions." Plaintiff failed to file a response to the Order to Show Cause (Dkt. #10), and he has not requested an extension of time in which to do so.

Plaintiff's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely

management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. The Certificate of Interested Parties is required for the court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself. Sanctions less drastic than dismissal are unavailable because Plaintiff has wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** unless Plaintiff files the Certificate of Interested Parties no later than **August 1, 2012.**

Dated this 18th day of July, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2